UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TOMMY WALLACE and TOM WALLACE                                          PLAINTIFFS

V.                                                        CIVIL ACTION NO. 3:09cv788-DPJ-FKB

ALLSTATE INDEMNITY COMPANY;
ARLETTA HENDERSON, individually and
in her official capacity as agent for Allstate Indemnity Company;
JOHN DOE CORPORATIONS 1–5; and JOHN DOES 1–5                           DEFENDANTS

## ORDER

This insurance dispute and defamation action is before the Court on Plaintiffs' Motion to Remand [6] and Defendant Arletta Henderson's Motion to Dismiss [11]. Having considered the parties' submissions and applicable law, the Court finds the motion to dismiss should be denied and the motion to remand should be granted.

In December 2007, Plaintiff Tommy Wallace purchased a house at 3014 Downing Street, Jackson, Mississippi, and his father, co-Plaintiff Tom Wallace, co-signed on the loan. Tommy Wallace contracted with Defendant Allstate Indemnity Company ("Allstate") to insure the property. In February 2009, the property caught fire. Allstate declined coverage, and its agent Arletta Henderson sent an allegedly defamatory declination letter to various individuals, stating among its reasons for the declination that "an insured person procured or intentionally set fire to the premises."

Plaintiffs brought suit in the Chancery Court of the First Judicial District of Hinds County, Mississippi, for bad faith breach of insurance contract by Allstate and defamation by

Henderson. Allstate removed the case to this Court based on diversity.[1] The parties do not contest the amount in controversy or the citizenship of the parties. Plaintiffs and Defendant Henderson are Mississippi citizens; Allstate is a Delaware corporation with its principal place of business in Illinois. In response to Plaintiffs' motion to remand, Allstate makes an improper-joinder-type argument, asking the Court first to consider the motion to dismiss Defendant Henderson.

The removal statutes are "to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Ultimately, the "party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). A plaintiff can prevail on a claim of improper joinder by showing "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In making that prediction, the district court resolves "[a]ny contested issues of fact and any ambiguities of state law" in favor of the nonremoving party. *Travis*, 326 F.3d at 649. Allstate relies on Henderson's motion to make its case of improper joinder. Significantly, Allstate makes no request that the Court pierce the pleadings and relies instead on Henderson's motion. In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the

---

[1]At the time of removal, on December 28, 2009, Henderson had been named in the Complaint but not yet properly served. She was served on January 21, 2010.

plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

Henderson premises her motion to dismiss on Mississippi's qualified privilege that protects certain defamatory statements made in good faith between people with an interest or duty regarding the subject matter. *See Eckman v. Cooper Tire & Rubber Co.*, 893 So. 2d 1049, 1052 (Miss. 2005) (discussing qualified privilege). A plaintiff may overcome the privilege upon a showing of malice or bad faith. *Id.* at 1053. Based on the complaint and pleadings, it is unclear whether Henderson only published the declination letter to interested persons.[2] However, it is unnecessary to reach that question. Even if Henderson successfully asserted that the communication was privileged, Plaintiffs adequately alleged malice in their complaint, and the Court must accept that allegation in this posture. *See Holland v. Kennedy*, 548 So. 2d 982, 987 (Miss. 1989) (holding that "a demurrer based on the qualified privilege defense may not be sustained" where plaintiff's complaint alleged "malice and knowing falsehood"); *see also McIntosh v. Partridge*, 540 F.3d 315, 326 (5th Cir. 2008) (finding error in district court's Rule 12(b)(6) dismissal based on qualified privilege where complaint alleged malice, in case under Texas law). As a result, the motion to dismiss is denied, and the motion to remand is granted.

**SO ORDERED** this the 13th day of May, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiffs did not list the individuals to whom the defamatory letter was published in their complaint, but they named several recipients in response to the motion to dismiss. Although Henderson has stated that a few of these individuals have the required interest for the privilege to apply, Henderson did not file a reply and has not addressed all of them.